**LAW OFFICES OF MICHAEL A. RUGGIERI, LLC**
By: Michael A. Ruggieri, Esquire
ID # 54460
18 Campus Blvd., Suite 100
Newtown Square, PA  19073
Phone: (610) 356-2525
Fax: (484) 423-3405
E-mail: m.ruggieri@juno.com                         **Attorney for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAUREN M. RUIZ and KENNSY RUIZ, | |
| 125 N. Washington Avenue, Apt. 6 | CIVIL ACTION NO |
| HARTSDALE, NY 10530 | |
| Plaintiffs | |
| | |
| vs. | |
| | |
| JORDAN K. KNEPP | **COMPLAINT AND** |
| 438 E. Moyer Road | **DEMAND FOR JURY TRIAL** |
| Pottstown, PA 19464 | |
| | |
| and | |
| | |
| WHITETAIL DISPOSAL, INC | |
| 344 Layfield Road | |
| Perkiomenville, PA 18074 | |
| Defendants | |

_____

**CIVIL ACTION COMPLAINT**

**I.     PARTIES AND JURISDICTION**

1. Plaintiffs Lauren M. Ruiz and Kennsy Ruiz are adult individuals who are husband and wife and who are citizens of the State of New York, residing at 125 N. Washington Avenue, Apt. 6, Hartsdale, NY 10530..

2. Defendant Jordan K. Knepp is an adult individual who is a citizen of the Commonwealth of Pennsylvania, residing at 438 E. Moyer Road, Pottstown, Montgomery County, PA 19464.

3. Defendant Whitetail Disposal, Inc. is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, engaged in the waste management business with a principal place of business located at 334 Layfield Road, Perkiomenville, Montgomery County, PA 18074.

4. This is a civil action involving personal injuries to the Plaintiff Lauren M. Ruiz and her husband, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The grounds upon which the jurisdiction of this court is founded are the diversity of citizenship between parties and the nature and amount of the controversy pursuant to 28 U.S.C. § 1332.

5. This court has supplemental jurisdiction over any claims arising under state laws pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because this district is the judicial district wherein Defendants reside and in which a substantial part of the events or omissions giving rise to the claim occurred.

II. **CAUSES OF ACTION**

**COUNT ONE: LAUREN M. RUIZ v. JORDAN K. KNEPP – NEGLIGENCE**

7. Paragraphs 1 through 6 inclusive of the foregoing Complaint are hereby incorporated by reference herein and made a part hereof.

8. On or about October 12, 2020, at approximately 3:30 P.M., Plaintiff Lauren M. Ruiz was the operator of a motor vehicle traveling southbound on Ridge Road on or near the I 476 over pass in Salford township, Montgomery County,

Pennsylvania.

9. On the aforesaid date and time, Defendant Jordan K. Knepp was the permissive operator of a trash truck owned by Defendant Whitetail Disposal, Inc., also traveling southbound directly behind Plaintiff Lauren M. Ruiz on Ridge Road on or near the I 476 overpass in Salford Township, Montgomery County, Pennsylvania.

10. As a direct result of the negligence, carelessness, and/or recklessness of Defendant Knepp, the trash truck operated by Defendant Knepp suddenly struck and crashed into the rear of Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff more fully set forth hereafter.

11. The negligence, carelessness, and/or recklessness of the Defendant Knepp consisted of the following:

    a) operating his trash truck at a high and excessive rate of speed under the circumstances;

    b) failing to have his trash truck under proper and adequate control;

    c) operating his trash truck in such a manner that he was unable to stop it within a safe, clear distance ahead and within a reasonable distance;

    d) operating his trash truck in violation of the rules of the road, the acts of assembly and the ordinances of council in such cases made and provided;

    e) failing to obey properly posted traffic control devices, signs, markings, and warnings;

    f) failing to operate his trash truck in a safe and proper manner;

    g) operating his trash truck without due regard for the protection and

    safety of Plaintiff;

  h) failing to pay proper attention to and observe others on the roadway, including Plaintiff;

  i) following too closely;

  j) suddenly and without warning crashing his trash truck into the rear of Plaintiff's vehicle;

  k) otherwise failing to exercise due care under the circumstances.

12. As a result of the negligence, carelessness, and/or recklessness of Defendant Knepp, Plaintiff Lauren M. Ruiz sustained the following injuries, some or all of which are serious and permanent: distal radial fracture of the right wrist, dorsal wrist ganglion, nerve damage and other injuries to her right wrist and hand and other injuries and severe shock to the nerves and nervous system by reason of which she was rendered sick, sore, lame, prostrate, and disordered and was made to undergo great pain of body as well as mental anguish which she has suffered, is suffering, and will continue to suffer for an indefinite time into the future.

13. As a further result of the negligence, carelessness, and/or recklessness of Defendant, Knepp, Plaintiff incurred considerable medical expenses for treatment of her injuries, including casting, physical therapy, medications and surgery, and she will continue to expend money for doctors, hospitals, and medicine to cure the ills inflicted upon her by Defendant for an indefinite time into the future.

14. As a further result of the negligence, carelessness, and/or recklessness of Defendant Knepp, Plaintiff was rendered disabled from her usual duties,

occupation, and activities, and she has and will continue to suffer impairments and disabilities in the future which have and may continue to adversely affect her life and has and may result in a decrease in her earnings and earning capacity, all to her great personal and financial loss and detriment.

15. As a further result of the negligence, carelessness, and/or recklessness of Defendant, Plaintiff suffered great embarrassment, humiliation, inconvenience, and the loss of life's pleasures and the inability to engage in her usual daily activities, and she will continue to suffer such losses, which severely impact her life, for an indefinite time into the future.

16. The motor vehicle crash in question was substantially caused by the negligence, carelessness, and/or recklessness of Defendant Knepp.

WHEREFORE, Plaintiff Lauren M. Ruiz demands that judgment be entered in her favor and against Defendant Jordan K. Knepp for an amount in excess of $75,000.00, plus interest, costs, and any other relief deemed appropriate.

### COUNT TWO: LAUREN M. RUIZ v. WHITETAIL DISPOSAL, INC. NEGLIGENCE - VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

17. Paragraphs 1-16 inclusive of the foregoing Complaint are hereby incorporated by reference and made a part hereof.

18. At all times material hereto, Defendant Jordan K. Knepp was employed by Defendant Whitetail Disposal, Inc. and was operating their trash truck within the course and scope of his employment.

19. Defendant Knepp was, at all times material hereto, operating the trash truck

5

with the express or implied consent, permission, and authority of his employer, Defendant Whitetail Disposal, Inc., which owned the trash truck.

20. Defendant Whitetail Disposal, Inc. was further negligent and careless for failing to properly screen, train, monitor and/or supervise their employee, Defendant Knepp, when they knew or should have known that such failures created an unreasonable risk of harm to those in Plaintiff's position.

WHEREFORE, Plaintiff Lauren M. Ruiz demands that judgment be entered in her favor and against Defendant Whitetail Disposal, Inc. for an amount in excess of $75,000.00, plus interest, costs, and any other relief deemed appropriate.

### COUNT THREE: KENNSY RUIZ v. DEFENDANTS – LOSS OF CONSORTIUM

21. Paragraphs 1-20 inclusive of the foregoing Complaint are hereby incorporated by reference and made a part hereof.

22. At all times material hereto, Plaintiff Kennsy Ruiz was the spouse of Plaintiff Lauren M. Ruiz, upon whom he relied for his support, maintenance, and well-being.

23. As a direct result of Defendants' negligence and other misconduct as aforesaid, Plaintiff Kennsy Ruiz has suffered and continues to suffer the loss of services, support, companionship, and consortium of his wife, Plaintiff Lauren M. Ruiz, to his great detriment.

WHEREFORE, Plaintiff Kennsy Ruiz demands judgment against Defendants Jordan K. Knepp and Whitetail Disposal, Inc. for an amount in excess of $75,000.00 plus interest, costs, and any other relief deemed appropriate.

LAW OFFICES OF MICHAEL A. RUGGIERI, LLC

*s/ Michael A. Ruggieri*_____
BY:  MICHAEL A. RUGGIERI, ESQUIRE
*Attorney for Plaintiffs*

Date: October 10, 2022

## JURY TRIAL DEMAND

Plaintiffs, by their undersigned attorney, hereby demand a trial by jury on all issues raised herein.

*s/ Michael A. Ruggieri*_____
MICHAEL A. RUGGIERI, ESQUIRE
Attorney for Plaintiffs

Date:  October 10, 2022

## CERTIFICATION PURSUANT TO F.R.C.P. 19(c)

Plaintiffs, through their counsel, Michael A. Ruggieri, Esquire, hereby certify that the matter in controversy is not the subject of any other actions or arbitrations pending in this or any other court or forum, and there is no other action or arbitration proceeding contemplated at this time. I know of no other party who should be joined in this proceeding at this time.

                           *s/ Michael A. Ruggieri*
                           MICHAEL A. RUGGIERI, ESQUIRE
                           *Attorney for Plaintiffs*

Date: October 10, 2022